IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CARLOS D. MOORE**                                                           **PETITIONER**

**V.**                                **NO. 3:22-CV-00278-MPM-DAS**

**JEFFERY B. BELK, et al.**                                   **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Carlos D. Moore for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition on the bases of mootness, failure to state a cognizable claim for federal habeas relief, and failure exhaust available state-court remedies. The petitioner has failed to respond to the motion and the time for doing so has passed. Thus, the matter is now ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed.

## Factual and Procedural Background

At the time of filing the instant petition, Petitioner Carlos D. Moore was in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Wilkinson County Correctional Facility in Woodville, Mississippi.

*Trial Court Proceedings*

After entering a guilty plea on the charge of burglary of a dwelling in the Circuit Court of Benton County, Mississippi, Moore was sentenced in March 2012 to a ten-year term, with five years to serve, five years suspended, followed by five years of post-release supervision. *See* Doc. # 16-1. Moore was released on post-release supervision early on June 1, 2015. *See* Doc. 16-2.

Just a couple months later, on August 25, 2015, an MDOC field officer issued a "Warrant for Arrest on Violation of Post Release Supervision" in the Benton County Circuit Court. *See* Doc. # 16-3. Because Moore allegedly committed additional violations of the terms of his supervised release, the Benton County Circuit Court issued a second arrest warrant for Moore on December 21, 2015. *See* Doc. # 16-4. Among other alleged violations, this second warrant noted that Moore had been arrested in Frankfort, Kentucky on December 17, 2015, on the charges of "Carrying a Concealed Weapon, Possession of a Handgun by a convicted Felon, Assault-1st Degree, [and] Wanton Endangerment-1st Degree." *See id.*

More than five years later, following an arrest on February 15, 2021, Moore was charged with felon in possession of a firearm in a Criminal Information entered in the Union County Circuit Court on March 8, 2021. *See* Doc. # 16-5. In the interim, between his arrest and the filing of the information, on February 25, 2021, Moore signed three waivers related to his revocation proceedings in Benton County. *See* Doc. # 16-6. On March 4, 2021, the Benton County Circuit Court revoked Moore's post-release supervision and five-year suspended sentence and ordered that he serve four years (of the previously suspended five-year term) in prison, with one year to remain suspended. *See* Doc. # 16-8.

Just days later, on March 8, 2021, Moore entered a guilty plea on the charge of felon in possession of a firearm in Union County Circuit Court. *See* Doc. # 16-9. Pursuant to that guilty plea, Moore was sentenced to a term of ten years, with five years to serve, five years suspended, followed by five years of post-release supervision. *See id.* The Union County sentence was to run concurrent to the sentence imposed in the Benton County revocation proceedings. *See id.*

*Administrative Remedy Program ("ARP") Proceedings*

On October 22, 2021, Moore signed an ARP challenging the calculation of his parole date, arguing that his "4 years probation sentence run[s] concurrent with a 5 year sentence" for felon in possession of a firearm, and that he "is d[o]ing more time that he should have under 25%." *See* Doc. 16-10. According to Moore, the correct calculation would have "put [his] parole date at 2022 next year but [his] time sheet showed that [his] parole date is 2023." *See id.* at 4. MDOC issued Moore a First Step Response advising him that his "parole date is based on 50% because of the violent crime of burglary-residential." *See id.* at 5. Moore challenged that determination, arguing that, at the time of his burglary sentence in April of 2012, it was classified as a non-violent crime. Moore received a Second Step Response on February 7, 2022, which advised Moore that he was "required to serve 50% of the violent crime locked up" that his "parole date is set at the 50% date," and concluding that his "time is correct." *See id.* at 9.

Moore submitted a "Motion to Set Hearing" and a "Motion to Issue Amended Order, Motion Appealing ARP # SMCI-21-1314: To Correct Parole Date" in the Benton County Circuit Court on February 23, 2022. *See* Doc. # 17-1, at pp. 8-30. Moore filed a mandamus action in the Mississippi Supreme Court requesting that the Benton County Circuit Court rule on these motions in June 2022. *See id.* at pp. 6-7. The Benton County Circuit Court then transferred the action to the Wilkinson County Circuit Court since Moore was, at that time, an inmate in the Wilkinson County Correctional Facility. *See id.* at pp. 3-7. The Mississippi Supreme Court dismissed Moore's mandamus petition on June 29, 2022. *See id.* at pp. 3-7.

In October 2022, Moore filed another mandamus action in the Mississippi Supreme Court requesting that the Wilkinson County Circuit Court rule on the aforementioned motions. *See* Doc. # 17-2 at pp. 14-36. On February 2, 2023, the Wilkinson County Circuit Court transferred

the action to the Hinds County Circuit Court because most of the named defendants were residents of Hinds County. *See id.* at pp. 2-6. At present, that action is still pending in the Hinds County Circuit Court. *See* Doc. # 16, p. 5.

*Parole*

On January 4, 2023, the Mississippi Parole Board granted Moore a "parole to detainer (out of state)," with a parole eligibility date of February 16, 2023. *See* Doc. # 16-12. Moore signed a "Waiver of Extradition" agreeing to be transferred into the custody of the Kentucky Department of Corrections "for the purpose of answering the (Kentucky state) charge of possession of a handgun by a convicted felon." *See* Doc. # 16-13. Consequently, Moore's release date to his Kentucky detainer was set for March 14, 2023, *See* Doc. # 16-14, and Moore was in fact released on that date. *See* Doc. # 18-1.

*Federal Habeas Corpus Proceedings*

Moore initiated this action in the United States District Court for the Southern District of Mississippi on September 8, 2022. *See* Doc. # 1. In filing this action, Moore submitted a complaint under 42 U.S.C. § 1983, alleging that his sentence and parole date had been miscalculated. *See id.* The District Court for the Southern District severed Moore's habeas claims that sought immediate release from incarceration and directed Moore to file an amended petition on the standard § 2254 form petition. *See* Doc. # 7.

Moore submitted his amended petition on November 14, 2022, arguing that he is serving an illegal sentence because: the circuit court "only had legal authority to give m[e] 1 year to the expiration of my 10 years" so " years [] is 3 years too long"; and MDOC improperly "classified him under the revised 2014 violent burglary statute," which "has [him] serving 50% of the 4 years instead of 25%." *See* Doc. # 8. Moore asserts that these claims have been exhausted

4

because of the mandamus actions that he filed in the Mississippi Supreme Court. *See id.* By way of relief, Moore requests that this Court "correct [] [his] illegal sentence and release[] [him] from custody." *See id.*

On December 16, 2022, the District Court for the Southern District transferred Moore's petition to this Court because his claims arise from his state-court conviction and sentence from the Benton County Circuit Court, which is located in the Northern District of Mississippi. Doc. # 11. This Court then entered an Order on December 20, 2022, directing Respondents to file a response to Moore's petition on or before March 5, 2023. Doc. # 14. Thus, Respondents filed a motion to dismiss Moore's claims on February 28, 2023. Doc. # 16. To date, no response by Moore has been filed.

## Mootness

Respondents first argue that this Court lacks jurisdiction because Moore's release renders his claim moot. Moore's petition is premised entirely on his argument that his parole date has been incorrectly calculated and that, if it were calculated in the manner which he believes is correct, he would already be eligible for and out on parole. Thus, Moore *only* requests that he be released from MDOC custody. Since the filing of this petition, Moore has been granted parole with a date of release set for March 14, 2023. *See* Doc. #s 16-12, 16-13, 16-14. And Moore was in fact released March 14, 2023, on a parole detainer to Kentucky. *See* Doc. # 18-1. As such, Moore has been granted the relief which he requests in the instant petition.

To maintain jurisdiction, "the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citations omitted). A case is moot when it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F.

App'x 329, 331 (5th Cir. 2005) (citation omitted). A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *see also Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citations omitted).

A habeas petition may become moot when "[t]he main thrust" of the petitioner's application is to be released from confinement, and if petitioner is "released . . . this court can no longer provide him with that relief." *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987). Similarly, a petition may become moot when an "intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

As discussed above, since the filing of the instant federal habeas petition, Moore has been granted parole and released from MDOC custody on March 14, 2023, on a detainer to Kentucky. Consequently, the sole relief requested by Moore—release from custody—is no longer an available remedy. As such, it appears that the single issue raised by Moore is now moot. The Court finds that it lacks jurisdiction to consider Moore's petition and, therefore, that the instant case should be dismissed without prejudice. *See McBride v. Lumpkin*, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (holding that when a district court "determined that the petition was moot, it should have dismissed the petition *without* prejudice—because to dismiss *with* prejudice is to make a determination on the merits")(citations omitted).

### Failure to State a Cognizable Claim for Federal Habeas Relief

Respondents next argue that, even if Moore's petition had not been rendered moot by his release, he fails to state a cognizable claim for federal habeas relief. Moore raises a single issue in his petition, that MDOC incorrectly calculated his parole eligibility date.

To state a cognizable claim for federal habeas relief, Moore must allege that he has been "deprived of some right secured to him by the [United States] Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Moore's eligibility for parole, however, is determined by Mississippi law. *See* Miss. Code Ann. § 47-7-3. Because parole in Mississippi is discretionary, "prisoners in the state have no liberty interest in parole" or in "an expectation of receiving" a parole hearing. *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). Federal habeas corpus petitions "based on any argument that state courts are incorrectly applying their own law [] is not a basis for [federal habeas] relief." *Id.* (citations omitted). As such, "[a]ny relief [that Moore] is entitled to under Mississippi law must be obtained in the courts of that state." *Id.* at 313.

In sum, Moore's claim concerning the alleged incorrect calculation of his parole eligibility is premised entirely on Mississippi law. Thus, Moore has failed to allege the deprivation of any constitutional or federal right. Accordingly, even if the matter were not moot, the Court would be inclined to find that Moore has failed to state a cognizable claim for federal habeas corpus relief and dismiss the petition with prejudice.

### Exhaustion of State Court Remedies

Lastly, Respondents argue that dismissal is appropriate because Moore failed to exhaust available state court remedies prior to filing this action. A petitioner must exhaust his available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

Moore filed mandamus petitions in which he asked the Mississippi Supreme Court to compel the circuit courts to rule on his motion(s) regarding the MDOC's alleged incorrect calculation of his parole date. Moore's petitions, however, did not adequately present the substance of his claims to the Mississippi Supreme Court for its review. Instead, these petitions merely sought to compel a trial court ruling on pending motions. As such, the Mississippi Supreme Court, the state's highest court, has not yet had an opportunity to consider Moore's claim(s). Moore's failure to exhaust available state court remedies, therefore, requires dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c). [1]

---

[1] The Court further finds that no "good cause" exists for Moore's failure to exhaust his claims in State court prior to filing the instant federal habeas petition, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005)(holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted state claims in State court before returning to federal court).

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Moore must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Moore must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' Motion to Dismiss [16] and **DISMISSES** the petition filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 27th day of April, 2023.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI